F I L E D
Clerk
District Court
MAY 22 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNIFIED UNITED STATES COMMON LAW GRAND JURY,<br><br>Petitioner,<br><br>v.<br><br>CHIEF JUDGE RAMONA V. MANGLONA, ET AL,<br><br>Respondents. | Case No.: 1:16-mc-00034<br><br>**DECISION AND ORDER DISMISSING ACTION** |

## I. BACKGROUND

Petitioner, Unified United States Common Law Grand Jury, filed a Notice of Unanimous Resolution Writ of Mandamus Order to Obey in the U.S. District Court for the Northern Mariana Islands, yet used the heading for the U.S. District Court for the Northern District of New York. (Notice 1, ECF No. 1.)[1] In this discombobulated Notice, Petitioner provides various citations to the Magna Carta and the U.S. Constitution, among other sources. (*Id.*) Petitioner explains that "[t]he Purpose of this Information is to make clear We the People's position and intentions concerning subversion

---

[1] The undersigned is the sole named Respondent in this action. Generally, judges sua sponte recuse themselves when named as defendants. *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006) (citing 28 U.S.C. § 455). However, there are several exceptions, such as when "a litigant has sued all of the judges in a district, the rule of necessity allows one of the judges sued to preside over the case" or when "a claim against the assigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case." *Id.* Here, the rule of necessity does not technically apply since there is one other judge in this district, Senior Judge Alex R. Munson, besides the undersigned that may preside over this matter. Nevertheless, for the reasons detailed below, this case "is so wholly frivolous that there is no jurisdiction" such that the undersigned "decline[s] to recuse and proceed[s] with dismissing the case." *See id.*

against the United States of America through a conspiracy to initiate martial law to overthrow our Constitutional Republic." (*Id.*) Additionally, the Notice states that the Petitioner "unanimously pass the aforesaid numerated resolutions and therefore so order our servant governments to obey the Constitution and thereby comply with these Resolutions, or face the wrath of Justice." (*Id.* at 5.)

The Court DISMISSES this action with prejudice and issues this decision detailing the rationale.

II. ANALYSIS

a. Procedural Grounds

i. Incorrect District Court

Local Rule 5.2(d)(1) requires filings to list "IN THE UNITED STATES DISTRICT COURT / FOR THE NORTHERN MARIANA ISLANDS[.]" "The clerk may notify a party of any format nonconformity and require the party to submit a conforming document. Failure to correct a nonconformity within two business days after notification by the clerk is grounds for the Court, in its discretion, to strike the nonconforming document." LR 5.2(g). Here, the submission not only fails to specify "IN THE UNITED STATES DISTRICT COURT / FOR THE NORTHERN MARIANA ISLANDS[,]" it lists the Northern District of New York instead. Although the clerk may notify Petitioner of this noncompliance and provide Petitioner with an opportunity to correct the deficiency, such notice is not necessary and would be moot as the filing also lacks merit as described below. As such, this filing is stricken for failing to properly identify the correct court.

///

///

### ii. Payment Not Required

Prior courts have dismissed similar lawsuits initiated by this same Petitioner based, in part, on its failure to pay the requisite filing fee. *See We the People Unified United States Common Law Grand Jury v. U.S. Supreme Court*, 3:19-cv-00533, 2020 U.S. Dist. LEXIS 116124, at * 2 (D. Nev. July 1, 2020); *U.S. Grand Jury Tribunal, the People v. United States*, No. 2:19-CV-00407-JAW, 2019 WL 4605551, at *2 (D. Me. Sept. 23, 2019), *R. & R. adopted sub nom. U.S. Grand Jury Tribunal the People v. U.S. Supreme Ct.*, No. 2:19-CV-00407-JAW, 2019 WL 5196377 (D. Me. Oct. 15, 2019). However, a filing fee is not required for this case, which was filed by the clerk's office as a miscellaneous case.

### b. Merits

### i. Lack of Legal Counsel

Petitioner specifies that it "is comprised of fifty Grand Jurys each unified amongst the counties within their respective States. All fifty States have unified nationally as an assembly of Thousands of People in the name of We the People to suppress, through our Courts of Justice, subverts both foreign and domestic acting under color of law within our governments." (Notice 1 n.1, ECF No. 1.) Other district courts have concluded that this Petitioner is an unincorporated association. *See U.S. Grand Jury Tribunal*, 2019 WL 4605551, at *1; *see also Grand Jury, Sovereigns of the Court v. U.S. Congress*, 2017 U.S. Dist. LEXIS 91264, at *10, 2017 WL 11698020, at *1 (N.D.N.Y. June 14, 2017) (noting that the plaintiff, which has an identical description to the Petitioner in this instant case, was an "unincorporated organization, [which] cannot proceed without counsel"). An "unincorporated association" is "a voluntary group of persons, without a charter, formed by mutual consent for the

purpose of promoting a common objective." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996) (citation omitted). Petitioner did not specify that it is registered as a legal entity. Based on Petitioner's self-description and caselaw, the Court concludes that Petitioner is unincorporated association.

"Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons." *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (citations omitted). Here, the Notice was signed by a "Grand Jury Foreman[.]" (Notice 5.) But an attorney has not appeared on behalf of Petitioner as required, thus dismissal is appropriate. *See Grand Jury, Sovereigns of the Court*, 2017 U.S. Dist. LEXIS 91264, at *2, 2017 WL 11698020, at *11 (dismissing complaint without as the plaintiff did not have counsel).

Additionally, this case may be dismissed pursuant to the Court's Local Rules regarding representation. In *U.S. Grand Jury Tribunal*, the magistrate judge recommended dismissal of the case and noted that the plaintiff's filing was not signed by a member of the Court's bar in violation of District of Maine Local Rule 83.1(c), which provides "[n]o person who is not a member in good standing of the bar of this Court shall appear on behalf of another person except [under circumstances not applicable to this case.]" 2019 WL 4605551, at *1. Similarly, this Court's Local Rule 83.3 provides that "only members of this Court's bar or an attorney otherwise authorized by these Rules to practice before this Court may appear for a party, sign stipulations, receive payment or enter satisfaction of a judgment, decree or order. Nothing in these Rules will prohibit an individual from appearing on his or

her own behalf." Although the Notice was signed by a "Grand Jury Foreman[,]" there is not an identifiable signature from a member of this Court's bar, which justifies dismissal of this case.

### ii. Lack of Subject Matter Jurisdiction

In *We the People v. U.S. Supreme Court*, the district court dismissed a similar complaint from the same party as the court could not "discern a viable or plausible claim or a proper basis for jurisdiction" despite references to the Constitution and Bill of Rights. No. 18-mc-51320, 2019 U.S. Dist. LEXIS 164063, at *3 (E.D. Mich. Sep. 25, 2019). Here, the Court is similarly unable to discern what Petitioner seeks as it does not specify any relief sought. The first sentence of the Notice states that "[t]he purpose of this Information is to make clear We the People's position and intentions concerning subversion against the United States of America through a conspiracy to initiate martial law to overthrow our Constitutional Republic." (Notice 1.) This statement makes it appear that the Notice is purely informational. "[T]o the extent [that the Notice] is decipherable, [it] has no arguable basis in law or fact, is wholly insubstantial, and contains no discernible prayer for relief" such that dismissal is appropriate. *Forbes v. California*, 198 F. App'x 671, 671-72 (9th Cir. 2006) (unpublished) (first citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); and then citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Because it is unclear what Petitioner's claims are or the basis for subject matter jurisdiction despite citations to the Constitution, the Court dismisses the case.

### iii. Petitioner Lacks Capacity to Sue

Finally, this case is dismissed because Petitioner lacks capacity to sue. When "a federal substantive right is claimed, federal courts must apply federal and not state law in determining what constitutes an unincorporated association for capacity purposes." *Associated Students of Univ. of Cal.*

*v. Kleindienst*, 60 F.R.D. 65, 67 (C.D. Cal. 1973). Conversely, if "no federal substantive right is asserted, then [Federal Rule of Civil Procedure] 17(b) requires that state law be applied to determine capacity to sue." *Id.* With this instant case, it is unclear what substantive right is being asserted as Petitioner does not appear to be seeking relief. Nevertheless, the federal and Commonwealth of the Northern Mariana Islands standards determining an unincorporated association's capacity to sue are similar. Federal Rule of Civil Procedure 17(b)(3) provides that "[c]apacity to sue or be sued is determined . . . for all other parties [excluding individuals and corporations], by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]" Similarly, the Northern Mariana Islands' Rule of Civil Procedure 17(b)(3) also provides that "[c]apacity to sue or be sued is determined . . . for all other parties [excluding individuals and corporations], by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the Commonwealth, another United States state or territory, or United States Constitution or laws." Here, because Petitioner is an unincorporated association that is not enforcing a substantive right, but just listing various laws, it lacks capacity to sue. Thus, the Court dismisses this action.

### III. CONCLUSION

Based on the foregoing, the Court dismisses this action with prejudice.

///

///

IT IS SO ORDERED this 22nd day of May, 2023.

_____
RAMONA V. MANGLONA
Chief Judge